## JOHN W. HOOVER V. JOHN MEAR.

HERD LAW OF 1872; *Order of County Commissioners; Proof of Publication.* On the 20th of March 1872, the county commissioners of Dickinson county made an order under the herd law of 1872, specifying April 12th 1872, as the time for the taking effect of the order, and directing a publication for four successive weeks in the "Abilene Chronicle." The publication was made as directed, though not completed until after April 12th, but no affidavit thereof was made or entered upon the record of the county commissioners until May 20th 1873: *Held,* That the order went into effect upon the completion of the publication, and that it was not invalidated by the fact that the publication was not and could not be completed prior to the time fixed by the commissioners for its going into effect, and that it was neither invalidated nor its operation postponed by the delay in filing and entering of record the affidavit of publication.

### *Error from Dickinson District Court.*

ACTION by *Mear* to recover from *Hoover* damages for injuries done on the premises of *Mear* by the stock of *Hoover,* between the 9th of December 1872 and 2d of January 1873. It was brought before a justice of the peace in January 1873, and appealed to the district court, and there tried at the May Term 1873, on an agreed statement of facts. It is admitted that the horses and cattle of *Hoover* damaged *Mear,* as charged,

but that *Mear's* fields were not inclosed by fence, and that *Mear* claims under the herd law of 1872. Judgment against *Hoover* for $12 damages, and for costs, and he brings the case here on error.

*James Huffmire,* and *Case & Putnam,* for plaintiff in error.
*Burroughs & Burris,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case is, whether the herd law of 1872 was, between December 9th 1872, and January 2d 1873, in force in Dickinson county. The facts are these: On the 20th of March 1872 the county commissioners made the order authorized by the statute, (Laws 1872, p. 384.) They fixed the time for the order to go into effect on April 12th 1872, and directed publication of the order in the "Abilene Chronicle." The publication was made as required by law, but the affidavit of publication was not made and filed until May 20th 1873, more than a year thereafter, and after the commencement of this suit. Two points are made: It is insisted that the order never went into effect because the time fixed by the commissioners for its taking effect was before the expiration of the four weeks' publication required; and secondly, that if it ever went into effect, it did not until the affidavit was filed and made a part of the record. The first section of the law grants to the commissioners the power to make such an order. The second section provides that the order shall be entered upon the records of the county commissioners, and shall be published for four successive weeks next after the entry on the records, and adds this proviso: "*Provided,* that the board of county commissioners shall specify a certain time at which said order shall take effect, and that said order shall not go into effect until the completion of the publication aforesaid, * * * which publication * * * shall be verified by the affidavit of the person doing the same, and the said affidavit entered upon the records of the said commissioners." Was the order in force? We think it was. It went into force at the time of

the completion of the publication.   The law directs the commissioners to specify the time in which the order shall go into effect.   They may specify a time many months after the order, and then, though the publication be completed in four weeks, the order remains inoperative until the time designated arrives.   If however they specify a time, as in this case, anterior to the publication, the law steps in and says that it shall not go into effect, notwithstanding the specification of time by the commissioners, until the completion of the publication, and therefore postpones the operation of the order until that time.   In other words, they may not by a specification of the time anticipate the completion of the publication, though they may thereby postpone the operation of the order.

In reference to the second matter, the law directs the manner of preserving proof of the publication of the order, but does not make the operation of the order depend upon the preservation of the evidence.   It does not say that the order shall not go into effect until the affidavit of publication is entered upon the record, while it does say that it shall not go into effect until the completion of the publication.   It makes one thing a prerequisite, and is silent as to the other.   By what right do we make both prerequisite?   Suppose the legislature should pass a special law affecting only Shawnee county, and should declare that the law should not go into effect until its publication in the "Topeka Commonwealth," and should also add a direction that the publisher of that paper should file in the secretary of state's office an affidavit of the publication: would not the law go into effect when the publication was made?   That would be the only matter the legislature had specified as a condition of and prerequisite to its going into effect, and the other matter would be simply a direction of the means of preserving evidence of its publication.   In other words, the *publication*, and not the evidence of it, is the vital matter.   *Foreman v. Carter*, 9 Kas. 674.

The judgment will be affirmed.

All the Justices concurring.