## Z. B. REED AND RICHARD REED v. SEXTON'S ADMINISTRATORS.

1. REVIVOR OF ACTIONS; *Waiver of Formal Revivor.* Where an action is commenced in a justice's court, and afterward appealed to the district court, and while there pending the plaintiff dies, and an administrator is then appointed, who files a petition in the district court, setting forth the foregoing facts, and also the original cause of action set forth in the original bill of particulars, and the defendant answers to this petition, and then goes to trial upon these pleadings without at any time raising the question that the action has not been revived in the name of the plaintiff, or any representative of the deceased, *held,* that the defendant, by his acts, has waived the formal revivor of the action, and therefore, cannot now in the supreme court, and for the first time, raise any such question.

2. PLEADING; *Allegations of Authority; Unverified Answer.* Allegations in a petition, stating the appointment and authority of an administrator, are not put in issue by an answer not verified by affidavit.

3. HERD LAW; *Order of County Board; Publication; Computation of Time.* The herd law of 1872 can go into operation in any particular county, only after an order of the board of county commissioners to that effect has been published for four consecutive weeks; but when the order is published in a weekly newspaper it is not necessary that the order should be inserted in such paper five times. Four insertions are all that are necessary; and the law will then go into operation in such county on the beginning of the twenty-ninth day after the first publication.

### *Error from Dickinson District Court.*

TRESPASS, brought by *Sexton,* in his lifetime. Action continued in names of his administrators. Trial, and judgment in favor of plaintiffs, at September Term 1875. *Reed* ·

and *Reed*, defendants, bring the case here. The subjoined opinion contains a sufficient statement of the facts and proceedings.

*Hoffmire & Pierce*, and *Johnson & Davis*, for plaintiffs in error:

On the trial the defendants in error introduced a certified copy of an order of the board of county commissioners prohibiting the running at large of certain animals, and evidence tending to prove its publication, etc. The introduction of the above was objected to, and exception taken. They further proved that deceased " had sustained damages as stated in the said petition." This was all the evidence. Plaintiffs in error filed a demurrer to the evidence, which was overruled, and exception saved.

1. While the administrators might have amended their pleadings, or filed new pleadings by allowance of the court in furtherance of justice, they did neither. The petition on which the case went to trial was nothing but a motion for an order reviving the action in the names of the representatives. It merely asked that said action (meaning the action then pending) might be so continued by them, (the representatives,) that they might have judgment. Treating it as a petition upon which to try a case, the demurrer should have been sustained.

2. But whatever view may be taken of such petition, the record shows no order of the court, as required by statute, (Code, § 426,) reviving the action in the names of the representatives. Neither was there any evidence introduced showing that defendants in error were administrators of such estate. This was put in issue; and in the absence of such evidence, the demurrer to the evidence should have been sustained. 2 Greenl. Ev., § 338.

3. It has been held that this herd law went into effect in Dickinson county on the completion of the publication of the order, which the evidence shows, was on the 19th of April 1872, if such publication ever was completed. (*Hoover v. Mear*, 16 Kas. 11.) In the petition it is averred

that the trespass was committed since the first day of May 1870; and there is no evidence in the record (and all the evidence adduced at the trial is in the record,) to show that these alleged trespasses were committed after the law went into effect. While the court properly instructed the jury to inquire in regard to such trespasses only as were committed after the 19th of April 1872, there is no legal presumption that such instruction was understood and obeyed; and in the absence of testimony showing that a trespass was committed after that date, the demurrer to the evidence should have been sustained.

4. The law could go into effect only after the publication of the order for four consecutive weeks, (Laws 1872, ch. 193, § 2,) a compliance with which would require five insertions in the paper, whereas the evidence shows that there could have been but four, commencing March 21st, and ending April 11th, 1872. It has been decided by this court that this law could not have been put in force under this identical order as early as April 12th, for want of time to make the publication; and yet the testimony clearly shows that the last publication was made on April 11th. (*Hoover v. Mear*, 16 Kas. 11.) The publication was therefore entirely insufficient, and the law never went into effect. 16 How. U. S. 510; 47 Penn. St. 791; 37 Miss. 567.

5. The proof of publication was insufficient for the further reason, that where a statute requires a notice once a week for four weeks, an interval of seven days must be shown to have elapsed between each publication. It has been held that a publication on the 11th, 21st and 27th of January and the 1st and 10th of February does not comply with such statute. 5 Ben. 553.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by James Sexton against Z. B. Reed and Richard Reed, for trespasses alleged to have been committed by the defendant's cattle upon the plaintiff's crops. The action was commenced before a

Statement of      justice of the peace, and after judgment in that
the case.         court was taken on appeal to the district court.
Afterward Sexton died, and George W. Sexton and Milberry
Sexton were appointed administrator and administratrix of
his estate.    Afterward the administrator and administratrix
filed a petition in the case in the district court, reciting all
the foregoing facts (and more too) in detail, giving the plain-
tiff's original bill of particulars in full, and asking that the
action may be continued by them, and "that they may have
their judgment against the said defendants for the sum of
$100, and costs of suit." The defendants demurred to this
petition on the ground that it did not state facts sufficient to
constitute a cause of action.    But the court below, rightfully
as we think, overruled the demurrer.    The defendants then
answered, by filing a general denial.    This answer was not
verified by affidavit, and of course did not put in issue the
allegations of the petition, that the plaintiffs were appointed
and had authority to act as administrator and administratrix.
(Gen. Stat. 650, civil code, §108.)    A trial was had upon
this petition and answer before the court and a jury.    No
objection was at any time made that the original action had
not been revived in the name of said administrator and ad-
ministratrix.    Evidence was introduced by the plaintiffs;
and when the plaintiffs rested, the defendants demurred to
the evidence, on the ground that no cause of action was
proved.    This demurrer was rightfully overruled, as we
think.    The court then instructed the jury, that—

"If the jury believe from the evidence that the stock of
the said defendants trespassed upon the premises of the said
plaintiffs, as alleged in their petition, they will find for the
plaintiffs, and assess whatever damages the plaintiffs have
proven to have sustained by reason of such trespasses, if any,
*after the 19th of April 1872, and before the commencement of
this suit.*"

A verdict was returned in favor of the plaintiffs and
against the defendants for $45. The defendants moved for a
new trial, on the grounds that the verdict was "contrary to
law," and "not sustained by sufficient evidence," and "error

of law occurring at the trial and excepted to by the defend-
ants." This motion was overruled, as we think it should
have been, and judgment was rendered in accordance with
the verdict. The defendants below, as plaintiffs in error,
now bring the case to this court, and ask that said judgment
be reversed, on the grounds that the court below erred in
overruling said demurrers, and said motion for a new trial,
in giving said instruction, and in giving judgment for the
plaintiffs below when as they claim it ought to have been
given for the defendants below.

We do not think that any substantial error was committed.
In response to the various points made by counsel for plain-
tiffs in error in their brief, we would answer as follows: The
petition below evidently stated a good cause of action in favor
1. Revivor of ac- of the plaintiffs and against the defendants. The
tions; waiver. "case-made" brought to this court does not
show that the action was not revived in the name of the
plaintiffs below, or that it was not revived in the most formal
and ceremonious manner. But even if it was not formally
revived, still the defendants waived the same by answering
to said petition, and by going to trial thereon without ever
raising any question concerning the revivor of the action.
And they cannot now for the first time raise any such ques-
tion. That the plaintiffs were administrator and adminis-
tratrix, was admitted by the pleadings, and was probably
also proved. The "case-made" shows that the plaintiff, after
introducing certain evidence, "then *proved*" "that the *plain-
tiffs*" [not "the *deceased,*" as stated in the brief of counsel
for plaintiffs in error,] "had sustained damages *as stated* in
the said *petition* of the said plaintiffs," [not, as stated in the
*bill of particulars* of the deceased.] The plaintiffs could not
have sustained damages as stated in their petition in any
other manner than as administrator and administratrix; and
hence, as they proved that they sustained damages in that
manner, they must necessarily have proved that they were
administrator and administratrix. This is meeting a very
technical point made by counsel with an answer equally ob-

jectionable. The question as to whether the plaintiffs were
administrator and administratrix was really not in issue,
(civil code, § 108,) and therefore there was no
necessity for making any proof concerning the
the same. The petition alleged that said tres-
passes and damages were committed after the 1st of May
1870 and before the commencement of this suit, which was
on 22d May 1873. And, according to the "case-made," the
damages were proved just as they were alleged. That is,
damages were proved, as well as alleged, to have been com-
mitted both before and after April 19th 1872. The court
however instructed the jury to find for such of said damages
only as were sustained after 19th April 1872, and we must
presume that the jury obeyed the instructions of the court.

*2. Pleading; allegations not denied on oath.*

Counsel for plaintiff in error also make the following
point:

"The [herd] law could go into effect only after the pub-
lication of the order [of the board of county commissioners]
for four consecutive weeks, (Laws 1872, page 384, ch. 193,
§ 2,) a compliance with which would require five insertions
in the paper, whereas the evidence shows that there could
have been but four, commencing March 21st, and ending
April 11th 1872. It has been decided by this court that this
law could not have been put in force under this identical
order, as early as April 12th, for want of time to make the
publication.; and yet the testimony clearly shows that the
last publication was made on April 11th. (*Hoover v. Mear*,
16 Kas. 11.) The publication was therefore entirely in-
sufficient, and the law never went into effect."

Of course, the herd law can go into practical operation in
any particular county only after an order of the board of
county commissioners to that effect has been published for
four consecutive weeks. But when this order is
published in a weekly newspaper, it is not neces-
sary that the order should be inserted in such
paper five times. Four insertions are all that are necessary.
If it should be inserted in such paper on March 21st, and
28th, and· on April 4th, and 11th, it would be sufficient, and
the law would then go into operation in such county on the

*3. Herd law of 1872; publica-tion; compu-tation of time.*

beginning of the 18th day of said April. That is, the order must be published in every issue of the paper from the first insertion to the last, and need be published only four times. Of course, the four weeks would not end on the day of the last publication. They would end only on the day next preceding the fifth issue of the paper. They would end on the 28th day after the first publication. If the first publication were on Thursday, they would end on the fourth Wednesday following. The law would take effect on the beginning of the 28th day *after the day* on which the first publication was made; or, on the beginning of the fifth Thursday, if the first publication were on Thursday. In the computation of the time, one day, either the first or the last, is included, and the other is excluded. Four weeks cannot have five Thursdays, or five of any of the other days of the week. As to the proper manner for the computation of time, see *Dougherty v. Porter,* 18 Kas. 206; *Mound City Mutual Life Ins. Co. v. Twining,* 19 Kas. 376, 377. We think the publication of said order in the present case was sufficient.

The judgment of the court below will be affirmed.

All the Justices concurring.