THE FARMERS' NATIONAL BANK OF CONSTANTINE v. CHARLES W. FONDA.

*Attachment—Implied assumpsit—Embezzlement—Affidavit of publication—Judgment.*

1. An affiant in an affidavit of publication of an attachment notice *described* himself as printer, etc., but did not *directly* aver such fact.

   *Held*, that the recital was equivalent to such an allegation.

2. A suit in attachment lies upon the *implied assumpsit* arising out of the embezzlement by a clerk of the money of his employer, such a case falling within the language of the attachment act.

3. Where a judgment taken on default recites a finding by the court of the amount due, on proofs taken in open court, a report of the clerk of such amount is surplusage.

Error to St. Joseph. (Pealer, J.) Argued April 7, 1887. Decided April 21, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*O. P. Coffinberry, Chamberlin & Guise,* and *Edwin F. Conely,* for appellant:

The recital in the affidavit of publication was insufficient, perjury not being assignable thereon: *Anderson v. Wehe,* 58 Wis. 615.

Attachment will only lie where the cause of action arises upon contract: How. Stat. § 7987.

Whatever the form of this action may be, the *cause* of it is, if true, in the highest degree tortious, viz., criminal: *Elliott v. Jackson,* 3 Wis. 649; *Piscataqua Bank v. Turnley,* 1 Miles (Penn.), 312; *Wright v. Snedecor,* 46 Ala. 92; *Marshall v. White,* 8 Porter (Ala.), 551; *Porter v. Hildebrand,* 14 Penn St. 129; *Ferris v. Ferris,* 25 Vt. 100; *Tarbell v. Bradley,* 27 Id. 535; *Fellows v. Brown,* 38 Miss. 541; *Fisher v. Consequa,* 2 Wash. C. C. 382; *Minga v. Zollicoffer,* 1 Ired. 278; *Thompson v. Carper,* 11 Humph. 542; *McDonald v. Forsyth,* 13 Mo. 549; *Stanley v. Ogden,* 2 Root (Conn.), 259; *Shoffer v. Mason,* 29 How. Pr. 55; *Saddlesvene v. Arms,* 32 Id. 280.

*Dallas Boudeman,* for plaintiff:

The affidavit of publication complies with the statute: *Brown v. Phillips,* 40 Mich. 269.

The case is eminently one of that class where the plaintiff can elect to waive the tort and sue for the money actually taken, which in equity and good conscience the defendant should repay, in an action of assumpsit for money had and received: *Byxbie v. Wood,* 24 N. Y. 607; *Gordon v. Hostetter,* 37 Id. 104; *Beardslee v. Horton,* 3 Mich. 560; *Moore v. Mandlebaum,* 8 Id. 433; *Spencer v. Towles,* 18 Id. 1.

CAMPBELL, C. J.   Plaintiff sued defendant by attachment, as an absconding debtor, on implied contract, and, on default, obtained judgment for the sum of $18,000.   The default having been made absolute, the case was referred to the court for assessment of damages.   There is in the record a report of the clerk containing the computation; but the judgment recites a finding by the court on proofs taken in open court.

An objection, not much insisted on, was made, that, in the affidavit of publication, while the affiant described himself as "printer and publisher of the Three Rivers Herald, a public newspaper, printed, published, and circulating in the county of St. Joseph," etc., there was no direct averment that he was such printer, or that the paper was so published.   We do not think the affidavit would have expressed the idea any more clearly by such form of allegation, and we do not think there would be any difficulty in holding that the recital is equivalent to such an allegation.

The only important question in the case arises out of the nature of the cause of action.   There having been no personal service and no appearance, the case depends entirely on the attachment, and it is claimed the cause of action is not within the statute, as not originating in contract.   The affidavit in attachment, when this case was begun, was required to set out that the indebtedness sued on is due "upon contract, express or implied, or upon judgment."   How. Stat. § 7987.

The affidavit here did set out an indebtedness on implied contract, but the declaration is claimed to depart from it. The averment is as follows:   That the defendant—

"Was indebted to the plaintiff in the sum of eighteen thousand dollars, for moneys alleged by the plaintiff to have been embezzled and stolen by the defendant while he, the said defendant, was a clerk, and acting as such, in said bank and in the employment of the plaintiff as such, which said eighteen thousand dollars, at the time of such embezzlement

and theft, as aforesaid, by the defendant, was the property of the plaintiff, and which said property and money, so embezzled and stolen by the defendant, as alleged, the said defendant has taken away and appropriated to his own use."

It is not claimed that, where money has been held and appropriated wrongfully, assumpsit will not lie; but the claim is that the attachment law only refers to actual and direct contract relations, and does not apply where the contract is made such by legal intendment only.

The authorities cited on the argument from our own reports render it unnecessary to look elsewhere to ascertain whether implied assumpsit will lie for money actually in defendant's hands, and misused or withheld. The recent case of *Farwell v. Myers*, 64 Mich. 234, is in point. There it was held that, where an express contract of sale of goods had been rescinded for the fraud of the purchaser, and only a part of the goods were recovered back, and the remainder had been sold, although a suit would not lie for the proceeds upon the original contract of sale, which had been repudiated, nevertheless the proceeds might be recovered as money received upon a wrongful conversion, and that either trover or assumpsit would lie.

It would not be going very far to hold that the appropriation of these moneys now sued for was a violation of defendant's contract of employment. Under our statutes, there can be no embezzlement by a private person that does not get its definition from a violation of the duties of his employment, which is, between private persons, always a contract relation. A declaration setting out the employment, and the duty of paying over moneys, and a failure to do so, would be a very plain case of suit directly on contract. The fact that the failure has been in some cases made criminal does not destroy its contract relations. But it is sufficient to say that, when the statute gives the remedy in cases of express and implied contract, we have no authority to graft an exception on the statute, and hold that there are differences in implied

contracts, and that, where an action of tort will lie, the fact that assumpsit will also lie does not make the case one of contract. This distinction, if attempted, would lead to great confusion. In cases of bailment, there has always been a choice of forms of action between actions on the case and assumpsit, which is itself really an action on the case. Case lies for breach of duty, and assumpsit for breach of promise. A duty certainly arises out of promises; and the law implies a promise out of most duties. Whatever authorizes the implication of a promise authorizes a suit in assumpsit for its breach. That is the essence of the doctrine of implied assumpsit; and any further refinement on this doctrine would lead to no good end. There is no such equity in favor of wrong-doers that exceptions should be created in their favor. It is rather the duty of courts to hold them subject to process, where the law, by fair construction, reaches them, and we think this case is within its exact language.

As the judgment recites a finding by the court itself, the report of the clerk is surplusage.

The judgment must be affirmed, with costs.

The other Justices concurred.