LEANDER POND v. HENRY TREATHART.

HERD LAW — *Order of County Board — Insufficient Proof of Publication.* An order of the board of county commissioners directing what animals shall not be allowed to run at large within the bounds of their county, as authorized by chapter 193, Laws of 1872, does not go into effect until it is published for four successive weeks; and an affidavit attached to an order, stating that the order had been published in a weekly newspaper for four weeks, and giving the date of the first publication, but which does not state when the other publications were made, nor that it was published for four consecutive weeks, is insufficient to show that the order had been published as the statute requires.

*Error from Labette District Court.*

THE opinion states the case.

*Webb & Littick,* and *F. M. Smith,* for plaintiff in error.

*Leroy Neale & Son,* and *J. H. Morrison,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Leander Pond brought an action before a justice of the peace of Labette county to recover $15 damages

done by defendant's cattle in trespassing and eating corn upon plaintiff's premises. In a trial before a jury, a verdict in favor of the plaintiff was rendered, but set aside because it was obtained by undue means. In a second trial the verdict and judgment were in favor of the plaintiff; and the defendant prepared and had settled a bill of exceptions, on which he prosecuted a proceeding in error in the district court. At the February term, 1887, the district court reversed the judgment for $15 rendered by the justice of the peace, and awarded judgment for costs against the plaintiff, Pond, for $145.25; and these rulings are assigned for error.

In the proceeding in the district court it was insisted, first, that there was error in the admission of any evidence under the bill of particulars, because it did not allege a cause of action; second, that there was error in admitting in evidence a transcript of an order of the county commissioners of Labette county, declaring the herd law of 1872 in force in that county; third, that judgment was rendered for a larger sum than was found by the jury to be due. The ground upon which the district court rested its judgment of reversal is not stated; but as one of the errors assigned is deemed to be sufficient, only that one will be considered. The order of the county commissioners declaring the herd law of 1872 in force in a county is inoperative until it is published in the manner required by statute. The only proof that the order made by the county board of Labette county had been published, was the affidavit of the publisher of a newspaper attached to a copy of the published order, which is as follows:

"STATE OF KANSAS, LABETTE COUNTY, ss.—E. R. Trask, being duly sworn, deposeth and saith that he is a publisher of the Oswego *Weekly Register*, a newspaper published in said county, and that the annexed notice was published in said paper four weeks, the first publication being on Thursday, the 21st day of March, 1872.        [Signed]    E. R. TRASK.

"Subscribed and sworn to before me, this 3d day of May, 1872.                    L. C. HOWARD, *County Clerk.*"

Where there is a newspaper published in the county, the

order of the board must be published for four *successive* weeks in some newspaper, and the order does not go into effect until it is so published. (Laws of 1872, ch. 193, § 2.) Now while the affidavit shows the date of first publication, and that it was published in the Oswego *Weekly Register* for four weeks, it fails to show that it was published for four successive weeks. Four insertions in a weekly newspaper are all that are required, but "the order must be published in every issue of the paper from the first insertion to the last." (*Reed v. Sexton,* 20 Kas. 195.) There being no proof offered to supplement the affidavit or to show that the order was published for four consecutive weeks, it was incompetent and inadmissible as evidence; and the failure of the justice of the peace to sustain the objection of the defendant to its admission furnished a ground for the action of the district court in its judgment of reversal.

That judgment will be affirmed.

All the Justices concurring.