### H. F. LONGWORTH v. HENRY JOHNSON *et al.*
#### No. 12,903.   (71 Pac. 260.)

PRACTICE, DISTRICT COURT—*Correction of Mistake in Sheriff's Deed.* Where the court has jurisdiction of the parties and subject-matter, it may, under section 139 of the code (Gen. Stat. 1901, § 4573), in furtherance of justice, amend any process or proceeding by correcting any mistake, or conform the proceedings to the facts proved. Where a mistake has been made in the recitals of a sheriff's deed the court may order its correction by the execution of a new deed.

Error from Graham district court; CHARLES W. SMITH, judge. Opinion filed January 10, 1903. Affirmed.

*George W. Jones,* for plaintiff in error.

*W. B. Ham,* for defendants in error.

*Per Curiam:* This cause was argued and submitted with No. 12,904, *ante,* page 193, 71 Pac. 259. There is one question in this case, however, not involved in that case.

Dowie's claim of title was by a sheriff's deed under a foreclosure proceeding. The proceedings were regular, the land sold, the sale confirmed, and a deed ordered. The sheriff made a mistake in the recitals of the deed. At the trial of this cause, in the same court in which the foreclosure was had, application was made for permission for the officer to correct the mistake in the recitals in the deed to Dowie. This was granted over the objection of the plaintiff in error. The correction was made by the sheriff's executing a new deed with the proper recitals. This corrected deed was admitted in evidence, and this, it is alleged, was error.

Where the court has jurisdiction of the parties and subject-matter, it may, under section 139 of the code (Gen. Stat. 1901, § 4573), in furtherance of justice, amend any process or proceeding by correcting any mistake, or conform the proceedings to the facts proved. It was shown by the evidence that the foreclosure proceedings were regular in all respects and that Dowie had paid his money, but the sheriff in preparing the deed had made a mistake in some of its recitals. Dowie was equitably entitled to a deed conformable to the facts. The court, therefore, committed no error in permitting the amendment, nor in permitting Dowie to introduce the amended deed in evidence. (*Foreman v. Carter,* 9 Kan. 674; *Wilkins v. Tourtellott,* 28 id. 825; *Kirkwood v. Reedy,* 10 id. 453.)

The court below assessed the costs of the trial to the plaintiff in error. The judgment below is affirmed

generally, but remanded with instructions to divide the costs equally between the parties. The costs in this court are equally divided.

All the Justices concurring.