FRED. LIPSCOMB v. THE CITIZENS' BANK OF GALENA.

No. 12,644.   (71 Pac. 583.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Evidence Aliunde.*   Where a non-resident defendant has been regularly served by publication proof of such service may be made *aliunde*, when the judgment is called in question in a collateral proceeding.

2. EMBEZZLEMENT—*Election of Remedies—Attachment.*   The owner of property which has been stolen or embezzled may waive the tort and sue on the implied contract, and in such action he may have an attachment against the non-resident defendant.

Error from Cherokee district court; A. H. SKIDMORE, judge.   Opinion filed February 7, 1903.   Affirmed.

*Fielding P. Sizer*, for plaintiff in error.
*Edward E. Sapp*, for defendant in error.

The opinion of the court was delivered by

· GREENE, J. :   The plaintiff in error sued in the court below on two causes of action.   One was based upon a check issued to him by George Lipscomb on the defendant bank for $440, the other upon a written assignment executed to him by George Lipscomb for the same money.   The bank refused to honor either, for the reason that, prior to the issuing of the check, or the execution of the assignment, the money in the bank to the credit of George Lipscomb had been garnisheed in the suit of Brown & Son against Lipscomb. This suit resulted in a judgment against George Lipscomb, and an order upon the bank to pay the money on deposit into court, which order was complied with and the bank discharged.   Reply was made that the action of Brown & Son against George Lipscomb was an action in tort; that the cause of action did not arise wholly within the state, and that, prior to the commencement of the action and continuously thereafter, the defendant was a non-resident of the state; that, therefore, the proceedings in garnishment would not lie and the court acquired no jurisdiction thereby of the property of George Lipscomb.   The plaintiff was defeated in the court below and prosecutes error to reverse the judgment.

· To sustain the allegations of its answer the defendant introduced in evidence the judgment, orders and files in the case of Brown & Son against George Lips-

comb and it as garnishee. It appears that the proof of service in that case had either not been made and filed, or, if so, could not be produced. The court permitted the defendant to supply such proof, and this is alleged error. There is abundant authority for this procedure. In *Foreman v. Carter*, 9 Kan. 674, it was held :

"Where a defendant has not been regularly served by summons, or publication of notice, the record cannot be amended after judgment so as to bring him into court and sustain the judgment. But where a defendant has been regularly served, and there is simply a defect in the return of the officer, or the proof of publication, that defect can be cured by amendment, so as to conform to the facts."

In *Hoover v. Mear*, 16 Kan. 11, 13, the court said : "The *publication*, and not the evidence of it, is the vital matter." (*Longworth v. Johnson*, ante, p. 193, 71 Pac. 260 ; *Wilkins v. Tourtellott*, 28 Kan. 825 ; *Kirkwood v. Reedy*, 10 id. 453.)

The material allegations of the petition in the case of Brown & Son against George Lipscomb, and the defendant bank as garnishee, were that George Lipscomb was their clerk and, while so employed and in possession of their property, appropriated to his own use property and money of Brown & Son amounting to $750, for which amount they prayed judgment. It is claimed that this was an action in tort, and, in the absence of a showing that the cause of action arose wholly within the limits of the state, garnishment could not be maintained. Section 4624, General Statutes of 1901, provides for an attachment against the property of the defendant in any of the following cases :

"When the defendant or one of several defendants is a foreign corporation, or a non-resident of this state ;

(but no order of attachment shall be issued on the ground or grounds in this clause stated for any claim other than a debt or demand arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this state, which fact must be established on the trial.)''

That contractual relations actually existed between Brown & Son and George Lipscomb at the time he appropriated his employers' property is not disputed. He was in their employ as clerk. It was a part of his contract of employment that he would be honest, diligent and faithful in and about the discharge of his duties as such employee. It was as much a part of his contract that he would be honest as that he would devote his time to their business. This condition he violated when he appropriated the property of his employer. · If, however, no contractual relation had existed between Brown & Son and George Lipscomb, and he had feloniously stolen the money and property of Brown & Son, they might waive the tort and sue for the value upon an implied promise to pay therefor. (*Smith v. McCarthy*, 39 Kan. 308, 18 Pac. 204.)

The cause of action pleaded in the action of Brown & Son against Lipscomb was on an implied contract and not in tort. The necessary and appropriate allegations in an action for a tort are wanting; no damage was sought to be recovered for the tort. It was an appropriate pleading in an action on an implied contract, and garnishment would lie. The statute makes no distinction between the right to an attachment in an action on an express and implied contract; it is available in either case. The plaintiffs in that case exercised their option and sued on the implied contract, and the law will not permit the defendant to deny his liability thereunder.

In *Gould v. Baker*, 12 Tex. Civ. App. 669, 35 S. W. 708, it was said :

"Where an action against a thief to recover judgment for stolen money is brought as for money had and received upon an implied promise, the tort is thereby waived, and the action will be regarded as one *ex contractu*, in which an attachment against the property of the defendant will lie."

In *National Bank v. Fonda*, 65 Mich. 533, 32 N. W. 664, under a statute limiting attachments to actions upon contract express or implied, it was held :

"A suit in attachment lies upon the *implied assumpsit* arising out of the embezzlement by a clerk of the money of his employer, such a case falling within the language of the attachment act."

In Angell on the Law of Carriers it is said :

"The action of *assumpsit* is the well known and common remedy for the breach of a contract not under seal ; and it not only lies upon all *express* contracts not under seal, but also in all cases where the law *implies* a contract.  When a person undertakes any office, employment, trust or duty, he thereby, in contemplation of law, *impliedly contracts* with those who employ him to perform that with which he is entrusted, with integrity, diligence, and skill ; and if he fails to do so, it is a breach of contract for which the party may have his remedy, in most cases, by action of *assumpsit* as well as by action on the case.  .  .  .  In all these cases of implied promises, they are in law treated exactly as if they were express promises ; and the declaration states the promise exactly as the law implies it." ( § 434. )

In *Railroad v. Peoples*, 31 Ohio St. 537, in passing on the provisions of their code, which limits the right of attachment against a non-resident or a foreign corporation to debts arising upon contract, judgment, or decree, the supreme court quoted approvingly the section

from Angell, and held that the law authorizes an attachment on implied, as well as express, contracts.

It follows from what has been said that the judgment of the court below must be affirmed.

All the Justices concurring.