## B. WEILLE, JR., *v.* A. G. LEVY & CO.

1. LIMITATIONS OF ACTIONS. *Absence from state. Visits of traveling salesman.*

    The visits to this state made in the course of his business by a traveling salesman who has removed to another state, during which he travels from place to place, spending only a day or two in each, cannot be included in the period necessary to bar by limitation a cause of action that accrued prior to his removal from this state, although, during each of said visits, he remained in the state continuously for several months.

FROM the circuit court of Jefferson county.

HON. W. P. CASSEDY, Judge.

The opinion states the case.

*E. H. Ratcliff*, for the appellant.

The visits of the appellant to this state were not furtive or brief, but open, notorious and long-continued. *Pindell* v. *Harris*, 57 Miss., 739.

*Jeff Truly*, for the appellees.

The appellees also rely on *Pindell* v. *Harris*, 57 Miss., 739, in which the court clearly sets out the scope and meaning of the statute. The appellant was a traveling salesman, without any definite route or fixed appointment, who stopped only a day or two at each place. His occasional visits to the state, under such circumstances, should not be included in the time covered by his plea of the statute of limitations.

COOPER, C. J., delivered the opinion of the court.

The single question presented by this appeal is, whether the appellant was " absent from and resided out of this state " during such part of the time covered by his plea of the statute of

limitations as will preclude him from the benefit of the statute. The statute pleaded is that of three years. The facts are that less than two years after the right to sue had arisen the defendant removed from this state to Paducah, Ky., where he has since resided, but has pursued the business of a traveling salesman in the states of Mississippi and Louisiana, and, while so engaged, has been, from time to time, in this state. The defendant, testifying, stated that "he was in the state of Mississippi, engaged in such business, in 1892, for a continuous period of six months, but only about a day or two in a place, and in 1893 for a period of four months, and in 1894 for a period of five and one-half months, and in 1895 for one month and eleven days before the bringing of this suit, making in the aggregate a period of more than thirty-nine months in which he was in the state of Mississippi after the plaintiff's cause of action had accrued."

Under these facts, the court below properly held the claim of the plaintiff not barred by the statute of limitations, for the defendant has, at no time subsequent to his removal, been within this state within the reasonable construction of our statute. We can add nothing to the very lucid opinion of Judge Chalmers in the case of *Pindell* v. *Harris*, 57 Miss., 739, in which the true construction of the words "absent from the state," used in the statute, is given.

In that case the defendant resided in this state four years and six months after the right of action had accrued. She then removed to the state of Tennessee, where she remained about a year and a half, and then returned to this state, where she resided for fifteen months, and then again removed to Tennessee. Subsequently, while confessedly a resident of that state, she visited her mother, with whom she had always resided while in this state, and remained from three to five months. On these facts this court held that the period of the visit to the mother should be computed as a part of the time during which the statute was running, and therefore that the bar was complete. In

delivering the opinion of the court, Judge Chalmers said that "a furtive, clandestine or transient presence here" would not avail the debtor, for the reason that "such presence would not afford the creditor an opportunity to sue, and would require calculations of time, with a view of determining the whole period spent here, so difficult as to be impracticable."

Counsel for appellant, from this language, argues thus: The court has said that a furtive and clandestine presence in the state will not avail the debtor. Therefore, a presence not furtive or clandestine will avail. The defendant's presence was not furtive or clandestine, wherefore he may compute the time of such presence as a part of the period of limitation.

But this process of reasoning is defective for two reasons— (1) because it rests upon only a part of the opinion of the court, and (2) because it disregards the reason upon which the observations rest. The court not only said that a furtive or clandestine presence would not avail, but also that the presence of the nonresident debtor which would avail, "must not be secret or evanescent;" that "his stay must be continuous, not fitful—an abiding, fixed though temporary in its character." But at last, the substance of the thing required is such a presence in this state as would give to the creditor notice of the fact and a reasonable opportunity to institute his suit. Such was not the character of the defendant's presence on the facts as disclosed by him. He was in the state, it is true, but was engaged in an itinerant vocation. He flitted from place to place, and hovered here and there for a few hours or a day or two, and again took wing. The plaintiff was not required to fire judicial process at him as he flew, but was entitled to a fair and reasonable opportunity for a resting shot, and the judgment is

*Affirmed.*