[S. F. No. 4620. In Bank.—October 3, 1907.]

# CHARLES E. STEWART, Respondent, v. TASSEY STEWART, Appellant.

STATUTE OF LIMITATIONS—ABSENCE OF DEBTOR FROM STATE—OPEN OR SECRET RETURN.—Under section 351 of the Code of Civil Procedure, providing that if, after a cause of action accrues against a person, he departs from the state, "the time of his absence is not a part of the time limited for the commencement of the action," a person departing from the state after a cause of action has accrued against him cannot have reckoned in his favor the time of any secret, clandestine, or fraudulently contrived visit to his former residence for the purpose of ascertaining the time of his absence from the state. But if he returns openly, after the action would be barred but for his absence, and especially if his return is not only open and unconcealed, but his visits repeated and prolonged, the fact that his creditor has not learned of his presence in the state before his departure, is immaterial.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

M. E. Sanborn, and E. D. Edwards, for Appellant.

W. J. Tinnin, and M. K. Harris, for Respondent.

BEATTY, C. J.—This is an action commenced August 2, 1905, upon a promissory note of the defendant for four hundred dollars, bearing interest at the rate of one and a half per cent per month, dated June 1, 1874, and by its terms due and payable ninety days after date. Plaintiff recovered a judgment for twenty-six hundred and eighty dollars, from which the defendant appeals.

One of the defenses to the action was the limitation prescribed by section 337 of the Code of Civil Procedure, with respect to which the superior court made the following findings:—

## "IV.

"The court further finds that from the date of the making and delivery of said note on the 1st day of June, 1874, continuously to the 26th day of April, 1878, defendant was in, and remained in, and was a resident of the State of California, that on said 26th day of April, 1878, defendant for the first time left said State of California, and on said last named date, defendant, for the first time, went to the State of Oregon, and has ever since been, and now is, a resident of the State of Oregon; that on several occasions since the 26th day of April, 1878, defendant left his home in the State of Oregon and visited the State of California, and remained in the State of California for varying periods, as follows, to wit: Defendant came to California on the 13th day of December, 1887, and remained until the 3rd day of February, 1888; defendant came to California December 20, 1891, and remained until January 28, 1892; came to said state on the 28th of November, 1895, and remained until January 2, 1896; came to said state January 1, 1897, and remained until January 21, 1897; came to said state December 8, 1900, and remained until December

29, 1900; came to said state January 21, 1901, and remained until January 28, 1901; came to said state February 21, 1901, and remained until February 27, 1901; came to said state June 24, 1904, and remained until July 12, 1904; that the foregoing are all the visits that said defendant ever made to California after his departure therefrom in 1878. Said visits were not surreptitious or secret, and were all, except the visit of February, 1901, made to the home of defendant's mother (who was also plaintiff's mother) about three miles from Yuba city, and during all of the time, up to the —— day of December, 1890, plaintiff resided in Colusa County, about 35 miles from Yuba City, and from said last named date, up to the present time, plaintiff resided in Fresno County, some 200 miles from Yuba City, and there was no communication by rail, or water, or telegraph between Yuba City and the place of plaintiff's residence in Colusa County while plaintiff resided in Colusa County. None of said visits of defendant to the State of California were known to plaintiff at the time such visits occurred, and plaintiff only learned of such visits after they had been concluded, and it is not true that all or any of said visits might have been known to plaintiff with the exercise of ordinary diligence on plaintiff's part. Said note sued on herein was made near Yuba City, in Sutter County, California, and there were, during all of said time, friends, acquaintances, and relatives of plaintiff and defendant residing there.

"V.

"Said cause of action is not barred by the provisions of section 337 of the Code of Civil Procedure."

As the appeal is presented upon the pleadings, findings, and judgment alone, the sole question to be decided in the absence of the evidence adduced at the trial is this: Can the general conclusion stated in the fifth finding be sustained in the face of the specific facts established by finding IV? This depends altogether upon the proper construction of section 351 of the Code of Civil Procedure, which provides: "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is

not a part of the time limited for the commencement of the
action.'' It will be seen that if the defendant is allowed a
deduction of the aggregate time of his various visits to his
mother in Sutter County the difference between the time of
his actual absence from the state and the period elapsing
between the maturity of his note and the commencement of
the action exceeds, by more than two months the four years
required to bar a recovery, and his defense is complete unless
section 351 is to be qualified by construction as plaintiff
contends it must be qualified. His contention is that when a
person against whom a cause of action has accrued departs
from the state and takes up his residence beyond its boundaries
he is, within the meaning of said section, continuously absent
from the state, notwithstanding occasional visits to his former
place of residence, unless his creditor knows of his return,
or by the exercise of ordinary diligence could discover it, in
time to commence an action and secure service of summons.
If this is the true meaning of the statute, the conclusion and
judgment of the superior court are free from error—other-
wise not. Appellant contends that the cases of *Rogers* v.
*Hatch,* 44 Cal. 280, and *Watts* v. *Wright,* 66 Cal. 202, [5
Pac. 91], are directly in point against this construction of
section 351, but we think this is hardly true. The only ques-
tion necessarily involved in either of those cases was whether
the actual absences of a defendant from the state were to be
aggregated against him notwithstanding his occasional pres-
ence here for temporary purposes, and the decision that the
time of his absence was correctly computed by that method
is not necessarily inconsistent with a denial of his right to the
aggregate time of his occasional visits to his former residence
for the purpose of barring the action. All that can be said
of those decisions is that they gave the plaintiff the full benefit
of the terms of the statute. It does not necessarily follow that
he may not have the benefit of a construction which amplifies
the express terms of the statute if there are considerations
upon which it may be fairly inferred that such was the inten-
tion of the legislature. The respondent insists that there are
such considerations, and cites us to a number of decisions
which he contends support his views. The only decision of
this court to which he refers is *Palmer* v. *Shaw,* 16 Cal. 98.
But that was a case arising under the first clause of the section

in which the only question was: When did the defendant, who was absent from the state when the cause of action accrued, return to the state? It was held that he returned when he came here openly and to the actual knowledge of the plaintiff. It does not follow that it would not have been held that he had returned within the meaning of the statute although the plaintiff had not known it. Neither do any of the cases cited in the opinion of the court go to the extent of holding that the return must be actually known to the plaintiff, or, if not actually known, that he could have known by the exercise of reasonable diligence. The extent to which they go is that the return must not be secret or clandestine, or fraudulently contrived for the purpose of setting the statute in motion, and the visit must be sufficiently prolonged to enable the plaintiff by the exercise of reasonable diligence and proper means— not to discover the presence of the defendant when he had returned openly and without any fraudulent intent—but to commence his action and secure the service of process. Several of these cases, it is proper to observe, were decided partly upon the consideration that when the statute was once set in motion by the *"return"* of the defendant, it continued to run notwithstanding his subsequent departure from the state, a consideration weighing very strongly in favor of the requirement that the return of the defendant should be actually known to the plaintiff in time to enable him to secure service of process. Our statute is in this respect far more favorable to the creditor and warrants a correspondingly liberal construction in favor of the defendant as to what constitutes absence from the state. In view of the fact that we are now called upon for the first time to construe section 351 with reference to this point, we are unwilling to go further than to say that a person departing from the state after a cause of action has accrued against him cannot have reckoned in his favor the time of any secret, clandestine or fraudulently contrived visit to his former residence for the purpose of ascertaining the time of his absence from the state. But if he returns openly, long after the action would be barred but for his absence, and especially if, as in this case, his return is not only open and unconcealed, but his visits repeated and prolonged, the fact that the plaintiff has not learned of his presence here before his departure is immaterial.

It follows that the conclusion of the superior court that the action was not barred was erroneous.

The judgment is reversed, and the cause remanded with directions to enter judgment for defendant on the facts established by finding IV.

Henshaw, J., McFarland, J., Sloss, J., Shaw, J., Angellotti, J., and Lorigan, J., concurred.