## E. BAXTER V. JACOB KRAUSE.

No. 15,948.  (101 Pac. 467.)

### SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Absence from the State—Temporary Return.* In order that after a debtor has moved from the state the statute of limitations may run in his behalf during a temporary return it is not necessary that such visit shall be made under such circumstances as to give the creditor an opportunity in the exercise of reasonable diligence to make service of summons upon him. He is entitled to credit for all the time spent in the state unless he conceals himself.

Error from Marion district court; OSCAR L. MOORE, judge. Opinion filed April 10, 1909. Affirmed.

*E. Baxter,* pro se.

*H. S. Martin,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: E. Baxter sued Jacob Krause upon a note. The trial court held that the action was barred by the statute of limitations, and the plaintiff prosecutes error, claiming that the facts found entitled him to a judgment. The findings show that Krause lived in Marion county when he gave the note, which matured August 10, 1889, and remained there continuously, except for an absence of one week, until April 2, 1894, when he moved to Oklahoma. Between that time and the date of the commencement of the action (November 11, 1905) he made eight visits to Marion county, none being found to have been less than one week in duration, the total time spent there during that period being twenty-five weeks. Therefore he was personally present in this state for five weeks and two days more than five years after the note was due and before the action was begun. But four weeks of this time must be disregarded, because he passed it in attendance upon the district court as a defendant. (*Underwood v. Fosha,*

73 Kan. 408, 85 Pac. 564.) This still leaves him, however, after allowing three days of grace, a margin of six days, and action on the note was barred unless some further deduction is to be made.

Of course whenever one against whom a cause of action has accrued is absent from the state the statute of limitations is suspended, and it is conceded that ordinarily whenever he returns it begins to run again, however often he may go and come. (*Gibson v. Simmons,* 77 Kan. 461, 94 Pac. 1013.) But the plaintiff insists that in calculating the time the statute has been in operation mere occasional visits to Kansas so brief as to offer no fair opportunity to begin an action must be ignored, and that as the court found that due diligence had been exercised in attempting to get service in this case the bar had not fallen. This contention is not without apparent support in the authorities. Its substance finds piquant expression in *Weille v. Levy,* 74 Miss. 34, 20 South. 3, 60 Am. St. Rep. 500, in these words:

"The plaintiff was not required to fire judicial process at him [the defendant] as he flew, but was entitled to a fair and reasonable opportunity for a resting shot."

In volume 25 of the Cyclopedia of Law and Procedure, at page 1251, it is said:

"In order that a return into the jurisdiction after an absence which has interfered with the running of the statute of limitations may set the statute in motion, defendant . . . must be able to show that plaintiff either knew of the return so as to have had an opportunity to avail himself of the presence by bringing suit, or that the return or stay was so public or of such length as to amount to constructive notice or knowledge or to raise the presumption that if plaintiff had used ordinary diligence he might have brought his action."

Not one of the cases cited in support of this text, however, arose under a statute which, like that of Kansas, makes the personal presence or absence of the debtor the determining factor, irrespective of his residence.

The test. there proposed was rejected under a statute similar to ours in *Stewart v. Stewart,* 152 Cal. 162, 92 Pac. 87.   The plaintiff relies upon a statement in the syllabus to *Stanley v. Stanley, Admr. et al.,* 47 Ohio St. 225, 24 N. E. 493, 8 L. R. A. 333, 21 Am. St. Rep. 806, that an occasional presence in the state will not set the statute of limitations to running, but the opinion shows that what is meant is that the statute will not continue to run from that time on but will cease to operate as soon as the visit is ended.

To say that the statute shall not run in favor of a debtor coming into the state unless his entry is made under such circumstances as to give his creditor an opportunity by the exercise of ordinary diligence to obtain service upon him would be to engraft a new exception upon the statute.   Such exceptions by implication are not favored.   (*Railway Co. v. Grain Co.,* 68 Kan. 585, 75 Pac. 1051.)   A somewhat literal construction has established the doctrine that the statute does not run in favor of one who is actually outside of the state, even although by reason of having a residence here he is exposed to service at any time.   Consistently with that method of interpretation it must be held that he may have the benefit of all the time he spends in the state, regardless of whether or not the intervals are long enough to give reasonable opportunity for service, so that he does not conceal himself.

The judgment is affirmed.