FORT COLLINS NATIONAL BANK, APPELLANT, v. JAMES H. STRACHAN, APPELLEE.

FILED FEBRUARY 16, 1918.   No. 19877.

Limitation of Actions: NONRESIDENT: PRESENCE IN STATE. Where a debtor comes into the state openly, without any attempt at concealment so as to prevent his creditors from knowing of his presence here, and his stay is for a sufficient period to afford requisite time for service of summons upon him, he has "come into the state" within the meaning of section 7577, Rev. St. 1913, even though his coming was at the time temporary in character, and not such as to give him a domicile or residence in this state.

Appeal from the district court for Scott's Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Morrow & Morrow,* for appellant.

*Wright & Mothersead, contra.*

CORNISH, J.

When the cause of action sued upon accrued, defendant was outside and a nonresident of this state. Afterwards, and for nearly five years preceding the commencement of this action, he was a resident of this state, living here with his family. Prior to coming here to live, he was within the state, openly and without concealment, for temporary purposes, and looking for a location for feeding sheep. If this time should be added to the period of his residence here, more than five years had elapsed before the commencement of the action against him, and plaintiff's claim is outlawed, as adjudged in the trial court, from which judgment plaintiff appeals.

The question is: When did "he (defendant) come into the state" under the provisions of section 7577, Rev. St. 1913, so as to commence the running of the statute in his favor? Section 7577 reads as follows: "If, when a cause of action accrues against a person, he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the state, or while he is absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

In *Webster v. Citizens Bank,* 2 Neb. (Unof.) 353, 356, the question is put, "whether we shall construe our statute to mean 'reside out of the state' when it says 'depart' and shall construe 'absence' as meaning nonresidence, or whether we shall recognize some force

in the omission of any reference to residence in our statute and give effect thereto." It seems that our statute is peculiar in omitting any reference to "residence." We held that the language of the statute refers not to domicile, nor to residence, but to personal presence. The words, "come into the state," must also be held to refer to personal presence within the state. Such' would appear to be the literal meaning of the language used, and probably the legislative intent.

It follows that where the debtor comes into the state openly, so as to be visible to all who choose to seek after him, without resorting to any concealment to prevent his creditors from knowing of his presence, and his stay is such as to render him accessible to service of summons, then the statute commences running at once.

For cases bearing upon this question, see *Webster v. Citizens Bank, supra*; *Baxter v. Krause,* 79 Kan. 851; *Gibson v. Simmons,* 77 Kan. 461; *Stewart v. Stewart,* 152 Cal. 162; *Morrow v. Turner,* 2 Marv. (Del.) 332; *State Bank v. Seawell,* 18 Ala. 616; *Wilson & Co. v. Daggett,* 88 Tex. 375, 53 Am. St. Rep. 766; *Bassett v. Bassett,* 55 Barb. (N. Y.) 505; *Gibbons v. Ewell,* 1 Handy (Ohio) 562; *Stanley v. Stanley,* 47 Ohio St. 225; *Weille v. Levy,* 74 Miss. 34, 60 Am. St. Rep. 500; *Campbell v. White,* 22 Mich. 178; *Ridgeley v. Price,* 16 B. Mon. (Ky.) 409.

AFFIRMED.

SEDGWICK, J., not sitting.