## WILLIAM J. FEARS, Admr. &c. *v.* GEORGE A. SYKES.

1. STATUTE OF LIMITATIONS: IN ALABAMA, VESTS TITLE TO PERSONAL PROPERTY IN THE ADVERSE POSSESSOR.—By the law of Alabama, the adverse possession of a slave for six years, not only bars the remedy for its recovery, but vests the title in the adverse possessor; nor does it change the rule in such a case, that the plaintiff is a non-resident. See *Sims* v. *Canfield*, 2 Ala. 555; *Lay's Executor* v. *Lawson*, 23 Ib. 377.

2. CONFLICT OF LAWS: TITLE ACQUIRED BY STATUTE OF LIMITATIONS, IN ONE STATE, MAY BE SET UP IN ANOTHER.—Although the Statute of Limitations of one State, is not, as a general rule, technically pleadable in another, yet, where such statute not only bars the remedy, but vests the title to the property in the possessor, such title so acquired will be recognized and protected, in every other State. *Shelby* v. *Gay*, 11 Wheat. 362; *Moseby* v. *Williams*, 5 How. 523.

3. STATUTE OF LIMITATIONS: BONA FIDE ADVERSE POSSESSOR, NOT AFFECTED BY THE FRAUD OF HIS VENDOR.—The open and notorious possession of personal property, for the period prescribed by the Statute of Limitations, vests a title in the adverse possessor, who is a *bona fide* purchaser for value, notwithstand-

ing his vendor may have acquired possession by fraud, and concealed from the true owner the place where the property was situated.

ERROR to the Circuit Court of Monroe county.   Hon. William Cothran, judge.

*Locke E. Houston,* for plaintiff in error,

Cited Story's Confl. Laws, §§ 582–582 b.; Ang. on Limitations, 188 *et seq.*; *Short* v. *McCarthy,* 3 Barn. & Ald. 626; *Livermore* v. *Johnson,* 27 Miss. 284; *Goodrich* v. *Pendleton,* 3 J. C. R. 385; Lewin on Trustees, 617; Mitford's Pl. 269; 1 Humphrey's R. 457; *Wells* v. *Rayland,* 1 Swann's R. 501.

*C. Sykes,* for defendant in error,

Cited 11 Mass. 36; Angell on Lim. 64–69; 3 J. C. R. 319; 6 Wend: 475; 13 East, 439; 8 Porter, 80; 1 Stewart & P. 36; Story Confl. Laws, § 582 b; 3 Hen. & Munf. 59; 5 Ib. 101; 5 Cranch, 358; 4 Yerg. 175; Ib. 507; 2 Ala. (N. S.) 561; 23 Ib. 392; 3 J. J. Marsh. 365; 7 Ib. 194; 6 Hump. 75; 11 Wheat. 371; Martin & Yerg. 426; *Moseby* v. *Williams,* 5 How. 523; *Hamilton* v. *Cooper,* Walk. 543.

HANDY, J., delivered the opinion of the court.

This action was brought by the plaintiff in error to recover from the defendant a female slave in his possession, alleged to be the property of the plaintiff's intestate.

It appears, by the record, that the slave in controversy had been the property of one John Chism, in the State of Alabama, prior to, and during, the year 1839, and, on the 16th September of that year, that Chism executed a bill of sale for her to the plaintiff's intestate, Hansford J. Fears; that, on the 12th October of the same year, Chism executed a bill of sale for the slave, for a valuable consideration, to one Lewis G. Garrett, who, during that year, had her in open and public possession in the State of Alabama, and continued in possession there until August, 1853, when he sold her to the defendant for a valuable consideration, who brought her to this State, and has since continued in possession. There is some evidence tending to show that, when Chism sold the

slave to Garrett, he took her from the possession of Fears without authority, and delivered her to Garrett, and that Fears was de-sirous of regaining possession of her, but was unable to find where she was. Yet it is fully proved that Garrett had her in open and notorious possession, in a hotel kept by him in the town of Tuscumbia, in Alabama, for the greater part of the time when he owned her, claiming title to her. It is further shown, that the plaintiff's intestate removed to this State in the year 1842 or 1843.

The decision of the case, under this state of facts, depends upon the question whether Garrett acquired a good title in virtue of his adverse possession in the State of Alabama, which is available to the defendant.

It is true that the Statute of Limitations of another State, is not technically pleadable as a defence to a demand sued for in the courts of this State, because the defence of such statute strictly pertains to the *lex fori ;* though to this rule there may be exceptions. Yet, where title to personal property has been acquired under the laws of another State, by reason of possession held by a party for such length of time as, under those statutes, renders his title unimpeachable, such title may be shown in this State, and will be available to the party having such possession for the requisite time, and those claiming under him. In such case, it is not the Statute of Limitations of another State that is relied on, or pleaded, but the title acquired by operation of such statute ; and, when a title becomes perfect under the laws of one State, it is valid in any other State. *Shelby* v. *Gay,* 11 Wheat. 362 ; *Moseby* v. *Williams,* 5 How. 520–523.

It appears to be the settled law of Alabama, that the Statute of Limitations of that State, which bars the remedy for the recovery of personal property, also acts upon the title, and destroys the right of the party setting up claim against the person in possession. *Sims* v. *Canfield,* 2 Ala. 555 ; *Lay's Exor.* v. *Lawson,* 23 Ala. 377.

Hence, it is clear that the title of Garrett could not be questioned by the plaintiff, after a possession in Alabama for about fourteen years. Nor is the question affected by the fact, that Fears removed to this State, before the bar had become complete by the possession of Garrett for the time prescribed by the statute. Gar-

rett continued to reside there, and had the slave in possession, and could have been sued there at any time, notwithstanding the removal of Fears; and it is this which bars the remedy, and vests the right in the possessor, whether the person setting up title against the possessor resided there or not. The non-residence of the claimant does not appear to be enumerated as one of the exceptions in the statute, and there can be no reason why it should be allowed, especially when he was a resident of the State when the adverse possession commenced, and so continued for several years.

But it is insisted that it was a sufficient answer to the title of Garrett, arising from the Statute of Limitations, that Chism took the slave from the possession of the plaintiff's intestate fraudulently, and carried her away secretly, so that she could not be found.

However these considerations might have operated in an action by the plaintiff against Chism, if the slave had been in his possession, they can have no effect upon the title of Garrett, or of the defendant derived from him. For aught that is alleged, Garrett had no connection with the fraudulent taking, or the concealment, of the slave; but he appears to have purchased her fairly and for full value, and to have had her in his possession in a very public manner. The remedy of the plaintiff's intestate against him was open, and in no wise obstructed, during all the period of his possession. His title, therefore, could not be affected by the fraud of Chism, and it became unimpeachable after his possession had continued for the period of six years, prescribed by the statute of Alabama. That title was conveyed to the defendant, and constituted an ample defence to this action.

Let the judgment be affirmed.