TAMAR DANIEL v. JOHN McLUCAS.

**No. 374.**

REPLEVIN—*Limitation of Action.* Where personal property is sold to an innocent purchaser by one who has no rightful ownership or possession thereof, and said purchaser takes and retains open, notorious and exclusive possession thereof for more than two years before the owner learns of its whereabouts, *held*, that the owner is not barred by the statute of limitations from recovering said property.

Error from Jefferson district court; LOUIS A. MYERS, judge. Opinion filed January 4, 1899. Affirmed.

*Jetmore & Jetmore*, for plaintiff in error.

*Waters & Waters*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The only material question in this case is, Where personal property is lost or stolen and sold by the finder or thief to an innocent purchaser, who takes and retains open, notorious and exclusive possession thereof for more than two years before the owner learns of its whereabouts, is the owner then barred by the statute of limitations from recovering the same? The justice of the peace before whom the case was originally tried held that the owner was

barred by the statute. The district court, where the case was taken on appeal, held that he was not barred, and we are asked to reverse this latter decision.

We are referred to the case of *Robbins v. Sackett,* 23 Kan. 301, as authority to sustain the proposition that two years' possession of personal property invests the holder with a good title thereto. This does not necessarily follow from that decision. In that case the other party knew of the possession, and under such circumstances it was held that the statute had made the property hers. This decision was followed under substantially the same state of facts in *Carter v. Pratt,* 23 Kan. 613. In *Lane v. Bank,* 6 Kan. 75, it was held that, under the section of the statute excluding the time the defendant was absent from the state from the operation of the law, said time should not be counted in computing the time the cause of action had run. These are all the Kansas cases cited by either party as bearing on the question at issue and they shed but little light thereon.

In *Duryea v. Andrews et al.,* 12 N. Y. Supp. 42, the court held:

"A horse stolen from plaintiff, the owner, came into possession of defendants, who retained it for several years, when plaintiff, on being informed that they had it, demanded it from them. *Held,* that the statutory limitation did not begin to run against an action by him against them for conversion until such demand; the possession until the demand was, in contemplation of law, in plaintiff as the legal owner."

This case is exactly in point, and if the conclusion is arrived at through the logical application of legal principles it would seem to be controlling. The opinion in the case was based on the proposition that "the horse having been stolen, its possession until such demand was, in contemplation of law, in the plaintiff,

as he was its legal owner.''   In *Wood v. Cohen*, 6 Ind. 455, it was held that demand for return of chattels must be made by the owner from a *bona fide* purchaser from the wrongful taker, before he is liable in an action to recover the possession, although the one who wrongfully took the chattel is liable without demand.

The plaintiff in error cites the cases of *Smith, Adm'r, v. Newby*, 13 Mo. 159 ; *Fears, Adm'r, v. Sykes*, 35 Miss. 633 ; *Cockfield v. Hudson*, 2 Bay (S. C.), 425, and *Simons v. Fox*, 12 Rich. (S. C.) 392, as holding in his favor. We have carefully examined each of these authorities and find that there is an irreconcilable difference between the principles adopted by at least a part of them and those adopted by the courts of New York and Indiana.   We have concluded to adopt the view of the latter, and to hold a demand necessary to start the running of the statute of limitations as against the rightful owners of property lost or stolen in the hands of an innocent purchaser in such cases as this.

The judgment of the court below will be affirmed.