E. ALTMAN et al., Appellees, v. THE PHILLIPS COUNTY BANK, Appellant.

No. 17,571.

SYLLABUS BY THE COURT.

1. ACTION—Tort—Waiver—Implied Contract. An owner whose property has been converted to the use of another may waive the tort and bring his action on the implied contract for the value of the property taken, and the averments of the petition herein are held to indicate a waiver of the tort by the plaintiffs.

2. BANK DEPOSITS—Demand for Payment. While the presentation of a check is the usual method by which a customer demands the payment of money deposited in a bank, formal demand is not essential to a recovery where the payment is refused on other grounds and the bank denies that it holds any of the depositor's money or that it is indebted to him.

Appeal from Phillips district court. Opinion filed April 6, 1912. Affirmed.

C. M. Mills, and L. H. Wilder, for the appellant.

McCormick & Countryman, and Mahin, Mahin & Sprague, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellees compose a copartnership in the business of buying and shipping grain and doing business under the name of the Farmer's Shipping Association, of which C. A. Bracken had been acting as manager. The association kept an account in the appellant bank, which was subject to the check of Bracken as manager, and the blank checks used were printed and formerly used by the Farmer's Coöperative Shipping Association, of which the Farmer's Shipping Association is a reorganization, and were made applicable to the latter association by the erasure of the word "coöperative." Bracken at times had a personal account in the bank, and it also had a mortgage

on some wheat belonging to him which, when threshed, was placed in the elevator of the association.

The present controversy arose over two checks, one for $150 and another for $85, which, it is contended, were personal checks of Bracken, and which the bank, without authority or right, paid out of the account of the association. There is also involved the recovery of $594.60, the value of a carload of wheat, which it is alleged belonged to the association and which Bracken shipped out of its elevator, making out the bill of lading in favor of the bank, and the proceeds of the shipment was taken by the bank and applied on an indebtedness which Bracken owed to the bank. A trial resulted in a verdict in favor of the association for $829.60 and the bank appeals.

Error is assigned on the overruling of a demurrer to the second count of the petition, which alleged that wheat belonging to appellees was taken by appellant and converted to its own use. It is contended that the claim is barred as the action was not brought within two years from the conversion of the property. Although an unlawful conversion of property is a tort the owner of the property so appropriated may if he chooses waive the tort and bring his action on the implied contract for the value of the property. (*Smith v. McCarthy*, 39 Kan. 308, 18 Pac. 204.) The averments of the petition fairly indicate that appellees were suing on the implied contract and for an indebtedness due thereon rather than for damages sustained for the wrong done.

It is next contended that there was error in admitting in evidence the two checks drawn by Bracken for his personal obligations and which were paid out of the funds of appellees. The checks were on blanks printed for appellees' use and the name "The Farmer's Shipping Association" had been erased, and the word "manager," following Bracken's signature, was also erased, thus making them appear to be the personal checks of

Bracken. There was a contention by appellant that the erasures were made after the checks were cashed. The principal objection to the admission of the checks is that the presentation of cashed and canceled checks was not a proper method of drawing money which had been deposited in a bank subject to check. It is true that the usual method of demanding money so deposited is by the presentation of a check of the depositor, but it may be demanded without a check or written order. (5 Cyc. 527.) Whether the demand made in this instance was in conformity with the universal custom and usage of banking is immaterial. Payment was not refused because a check, regular in form, was not presented, but it was rather that nothing was due to appellees, as it was claimed that the checks had been paid out of the proper fund. Appellant denied liability on the returned checks and also denied that appellees had money in the bank. As appellant justified its refusal to pay on the grounds that the money of appellees had been properly applied to the payment of the checks and did not rely upon the lack of a proper demand it is evident that a demand would have served no purpose. It is a general rule that where it is manifest that a demand would have been wholly futile if made it is unnecessary to go through the formality of making it. (*Raper v. Harrison*, 37 Kan. 243, 15 Pac. 219; *Bogle v. Gordon*, 39 Kan. 31, 17 Pac. 857; *Machine Co. v. Mann*, 42 Kan. 372, 22 Pac. 417; *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, 49 Kan. 399, 30 Pac. 456; *Bartlett v. Bank*, 70 Kan. 126, 78 Pac. 414.)

An instruction as to the necessity for a demand by means of a formal check was rightly refused for the reasons already stated.

Instructions in relation to the commingling of goods were asked for and refused, but the court did instruct the jury on that subject, and those given were as favorable to appellant as the evidence warranted and as it was entitled to have given.

Complaint is made that one instruction given by the court made a demand by appellees an essential element of recovery while the testimony showed that a proper demand was not made. The court should have told the jury that owing to the defense made by appellant proof of a demand was not necessary to a recovery, but this was an error in favor of appellant and from which it suffered no prejudice.

The testimony is conflicting, but under the rules which govern where testimony has been weighed by a jury and where their findings have been approved by the trial court it must be held to be sufficient.

The judgment is affirmed.