No. 36,084

C. W. Meade et al., *Appellants*, v. Frank C. Brosius et al., *Appellees*.

(147 P. 2d 716)

Opinion filed April 8, 1944.

*Kenneth K. Cox*, of Wichita, argued the cause for the appellants.

*Glenn Porter*, of Wichita, argued the cause, and *Getto McDonald, Dwight S. Wallace* and *William Tinker*, all of Wichita, were on the briefs for the appellees.

*I. H. Stearns* and *E. P. Villepigue*, both of Wichita, were on the briefs for appellee J. P. Gish.

*Allen Burch*, of Wichita, was on the briefs *pro se*.

The opinion of the court was delivered by

Dawson, C. J.: This was an action by certain stockholders of a defunct corporation against the members of its last board of directors charging fraudulent manipulation of its assets and for an accounting and other proper relief.

In the petition reference was made to four different corporations, to wit: The Brosius Investment Corporation, The Wichita Investment Company, Inc., The Brosius Investment Company, and The F. W. Woolworth Company.

Plaintiffs alleged that the erstwhile Brosius Investment Corporation at the time its charter was canceled, December 30, 1933, owned a valuable 99-year lease on two lots on Douglas avenue in Wichita; that the F. W. Woolworth Company, a large nationally operated merchandising concern, had subleased the two lots at such a huge rental as to yield large profits; that defendants by some means unknown to plaintiffs "manipulated the disposition of the assets" of the Brosius Investment Corporation "to their own use";

that as to the 99-year lease "plaintiffs are not able to state the exact, nor all the frauds and breaches of trust" towards the plaintiffs. But plaintiffs alleged that on April 20, 1938, defendants caused to be organized a corporation entitled "The Wichita Investment Company, Inc."; that these defendants have obtained for themselves a loan of $52,000 from the Reconstruction Finance Corporation secured by the 99-year lease on the Douglas avenue property and by the sublease of the F. W. Woolworth Company.

It is alleged that at the time of the dissolution of the Brosius Investment Corporation the value of its assets was $250,000; that defendants have since then collected as rents the sum of $54,000 and that they have obtained by mortgaging the lease and sublease the sum of $52,000 and that they have obtained other assets and benefits unknown to plaintiffs.

Plaintiffs prayed that the lease on the Douglas avenue property be decreed to be the property of the Brosius Investment Corporation, and to be held for the benefit of its stockholders, that the sublease to the F. W. Woolworth Company be similarly decreed, and that plaintiffs have judgment against the defendants and also against the Wichita Investment Company, Inc., in the aggregate sum of $356,000 and for an accounting, and for other relief.

Attached to plaintiffs' petition as Exhibit "B," was a copy of an assignment by the Brosius Investment Company to the Wichita Investment Company, Inc., all the assignor's right, title and interest in the lease covering the Douglas avenue property, wherein the fee-title owners and their spouses had leased to the Brosius Investment Company, a Kansas corporation, dated April 1, 1933, and duly recorded October 4, 1934. This assignment was dated April 25, 1938, and filed for record July 22, 1938.

This action was commenced on August 10, 1940, and plaintiffs' amended petition was filed November 25, 1940.

The individual defendants and the Wichita Investment Company, Inc., demurred to the amended petition on two grounds, (1) no cause of action pleaded, and (2) the action was barred by the two-year provision of the statute of limitations.

This demurrer was sustained, hence this appeal.

Considering first, the pertinancy of the statute of limitations: The petition alleged that the lease and sublease of the Douglas avenue property were the property of the Brosius Investment Corporation at the time its charter was canceled on December 30, 1933, and as

against a demurrer that allegation, if well pleaded, would have to be taken as true; but plaintiffs' Exhibit "B," attached to plaintiffs' petition, recites that the lease itself had been granted by its lessors to the Brosius Investment Company, a Kansas corporation, on April 1, 1933, which was a distinct and different corporation from the Brosius Investment Corporation whose charter was canceled on December 30, 1933. The assignment of that lease, dated April 25, 1938, conveyed the interest of the named lessee to the Wichita Investment Company, Inc., and that assignment was recorded in the office of the register of deeds on July 22, 1938. The recording of that assignment was constructive notice to all concerned of the status of the lease; and if at any time between April 1, 1933, and December 30, 1933, the lease had passed into the ownership of the Brosius Investment Corporation, whose·charter was canceled on the latter date, the record fails to show that fact. The record ownership of the lease stood in the name of the Brosius Investment Company, the original lessee, from October 4, 1934, until its assignment dated April 25, 1938, was recorded July 22, 1938.

If then, it be conceded that the Brosius Investment Corporation ever had a property interest in the lease, it is clear that the defendants as the last board of directors of that defunct corporation never asserted any right or interest in the lease, but suffered it to stand as the property of the Brosius Investment Company from December 1, 1933, when the charter of the prior corporation was canceled until this action on behalf of its stockholders was begun on August 10, 1940—a matter of six years, eight months and one day! If this long delay and inaction on the part of the plaintiff stockholders be excused on the ground that they had no information about the dealings of these several corporations, they were nevertheless bound by constructive notice of the status of the record ownership of the lease when it was recorded on October 4, 1934, and again when the assignment of the lease was recorded on July 22, 1938—a matter of two years and ten days before this action was begun.

The allegations of the petition are indisputably framed to state a cause of action for relief on the ground of fraud. The prayer for an accounting and other relief are merely incidental to the cause of action pleaded. The time given by the statute to commence an action of this sort is two years. (G. S. 1935, 60-306, 3d clause, Civ. Code, § 17.) It is therefore clear that plaintiffs' action was barred by the statute of limitations under the multiplied precedents of this

court, a few of which are *Black v. Black,* 64 Kan. 689, 704, 68 Pac. 662; *Foy v. Greenwade,* 111 Kan. 111, 117-118, 206 Pac. 332; *Keys v. Steele,* 143 Kan. 826, 829, 57 P. 2d 28; *Malone v. Young,* 148 Kan. 250, 81 P. 2d 23. But if plaintiffs' action were construed primarily as one for breach of trust, and not for relief on the ground of fraud, the same result would follow, since the trust (if trust it was) was repudiated more than two years before this action was begun. (*Manka v. Martin Metal Mfg. Co.,* 153 Kan. 811, syl. ¶ 4, 113 P. 2d 1041, 136 A. L. R. 653.)

And since plaintiffs were constructively put upon this inquiry touching the disposition of the principal asset alleged to have been the property of the Brosius Investment Corporation more than two years before they brought their action, they were similarly put upon their general inquiry touching the alleged frauds of its board of directors respecting any other assets which the defunct corporation may have possessed, and the trial court's ruling on the demurrer to plaintiffs' amended petition was correct.

The judgment is affirmed.