NOT DESIGNATED FOR PUBLICATION

No. 117,652

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JULIE KATHLEEN GREY,
*Appellant*,

v.

CITY OF TOPEKA, KANSAS; THOMAS F. FLANAGAN;
SHAWN BRUNS; NEIL DOBLER; DOUG WHITACRE; and
FINNEY & TURNIPSEED, P.A.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; LARRY D. HENDRICKS, judge. Opinion filed March 16, 2018. Affirmed in part, reversed in part, and remanded with directions.

*Eric Kjorlie*, of Topeka, for appellant.

*Nicholas J. Jefferson*, assistant city attorney, for appellees.

Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.

PER CURIAM: Julie Kathleen Grey was injured when she fell through the center gap of the north Kansas Avenue Bridge in Topeka, Kansas. Grey sued the City of Topeka and various other parties alleging negligence. The City moved to dismiss arguing, in part, that the statute of repose barred Grey's lawsuit because the center gap was created during a redesign of the bridge that was completed in 1997 and Grey's injury occurred in 2014—outside the 10-year limitation of the statute of repose. The district court granted the City's motion to dismiss, finding that the statute of repose barred recovery. Grey appeals.

1

When reviewing a motion to dismiss based on the pleadings, an appellate court considers the well-pleaded facts in a light most favorable to the plaintiff and assumes as true those facts and any inferences reasonably drawn from them. When the facts alleged in the petition state a claim upon which relief can be granted under any possible theory, dismissal of a lawsuit based on the pleadings is improper. Based on the procedural posture in which this appeal comes to us, we must conclude that the district court erred in part by granting the City's motion to dismiss, and we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

The following facts alleged by Grey in her petition are taken as true. The Kansas Avenue Bridge was built in 1967. The original design provided four lanes of traffic with a sidewalk in the middle of the bridge separating the north and southbound lanes of traffic. The bridge was redesigned, beginning in 1996, in order to provide a handicap accessible sidewalk. During this redesign, the sidewalk down the center of the bridge was removed and a sidewalk was added to the west side of the bridge. At the same time, lighting for the bridge that had been located on the east and west sides of the bridge was moved to the center of the bridge. The light poles are attached to the remnants of the sidewalk that originally existed in the center of the bridge.

The removal of the center sidewalk created a 30- to 40-foot drop from the bridge's surface to the land below the bridge. Signs stating "'NO FOOT TRAFFIC ACCESS'" were affixed to the north and south ends of the bridge where the center sidewalk used to be located. The redesign was completed and the bridge was reopened to the public on December 5, 1997.

In 2006, the City added a connection to the bridge, described as a flyway, that allows vehicle and pedestrian traffic to reach the Union Pacific Train Depot. There is no signage on this addition warning of any gap between the lanes of traffic.

On June 30, 2014, around 6 p.m., Grey was released from the custody of the Shawnee County Department of Corrections. Grey had made arraignments with her friend, Amber Carey, to pick her up following her release. Carey was late picking up Grey, and after waiting approximately 15 minutes, she began to walk home. Grey's path home resulted in her walking over the Kansas Avenue Bridge. She was traveling north on the sidewalk adjacent to the southbound lanes of traffic.

While Grey was crossing the bridge, Carey arrived and stopped her car in the northbound lane—the opposite side from where Grey was walking. Grey told Carey that she would cross the bridge to get to the car, and she walked across the southbound lanes until she reached the median. Grey stepped over the median barricade believing that a sidewalk existed between the lanes of traffic. When Grey stepped over the barricade, she fell through the center gap about 30 feet to the ground, suffering injuries from her fall.

On June 28, 2016, Grey filed a petition against the City of Topeka and various officers and employees and also against Finney and Turnipseed, P.A., a Kansas professional association that redesigned the bridge in 1996, seeking to recover damages for her injuries. Grey alleged the City was liable under the Kansas Tort Claims Act, K.S.A. 75-6101 et seq., for negligently installing the bridge and allowing the unsafe condition of the center gap to remain. Specifically, Grey claimed the City had a duty to maintain its streets in a reasonably safe condition, a duty to provide a proper warning of the dangerous condition of the bridge, and a duty to properly supervise construction of the bridge. Grey's claim against Finney and Turnipseed, P.A. involved a breach of duty to redesign the bridge in a safe manner. Grey's petition also alleged that her injury was foreseeable and pointed to a prior incident when two 14-year-old boys attempted to walk

3

on the nonexistent center sidewalk and fell through the gap in the bridge, causing serious permanent injuries to one of the boys and fatal injuries to the other boy.

The City of Topeka and its officers and employees moved to dismiss Grey's petition because (1) she failed to state a claim for which relief could be granted; (2) the parties had absolute and qualified immunity; (3) there was insufficient service of process; and (4) the statute of repose barred recovery. Without holding oral arguments, the district court granted the City's motion on the ground that the statute of repose barred recovery. The district court determined that the completion of the reconstruction of the bridge on December 5, 1997, was the act that gave rise to the cause of action. Because Grey did not bring her action within 10 years of that date, the district court concluded that her claim was barred by the statute of repose. The district court determined it was unnecessary to address the other claims or defenses of either party based upon its ruling.

Grey filed a motion to reconsider and argued that her claim that the City breached its continuing duty to warn the public of the unsafe condition created by the bridge was not barred by the statute of repose. The City filed a response in opposition to the motion to reconsider. Again, without holding oral arguments, the district court denied Grey's motion to reconsider. Grey timely filed a notice of appeal.

ANALYSIS

Grey makes a variety of arguments on appeal as to why the district court erred in granting the City's motion to dismiss based on the statute of repose. Grey's central argument is that the statute of repose does not bar her claim that the City breached its continuing duty to warn the public of the unsafe condition created by the bridge. Grey asserts that because the alleged wrongful act occurred on the day of her injury, the statute of repose is inapplicable. She argues that the district court erred by dismissing her claims without a hearing based on the pleadings and prior to the completion of discovery.

4

The City argues that the district court correctly found that the statute of repose completely bars Grey's cause of action. According to the City, the date for running the statute of repose is December 5, 1997, the date the bridge remodeling was completed, and Grey's injury in 2014 was outside the 10-year limitation. The City further argues that an alleged common-law duty to warn does not preclude the application of the statute of repose. Finally, the City contends that the district court did not err by dismissing Grey's claims without a hearing or prior to the completion of discovery.

The question of whether a district erred in granting a motion to dismiss is a question of law subject to unlimited review. *Campbell v. Husky Hogs*, 292 Kan. 225, 227, 255 P.3d 1 (2011). Further, when the dismissal involves the interpretation of a statute— like the district court's interpretation of the statute of repose—the appellate courts have unlimited review over the district court's statutory construction. *Knop v. Gardner Edgerton U.S.D. No. 231*, 41 Kan. App. 2d 698, 709, 205 P.3d 755 (2009).

When reviewing a motion to dismiss based on the pleadings, this court considers the well-pleaded facts in a light most favorable to the plaintiff and assumes as true those facts and any inferences reasonably drawn from them. When the well-pleaded facts state any claim upon which relief can be granted, dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013). This court has the duty of determining whether the facts and inferences support a claim "'not only on the theory which may be espoused by the plaintiffs, but on *any possible theory* we can divine.'" *312 Education Ass'n v. U.S.D. No. 312*, 273 Kan. 875, 882, 47 P.3d 383 (2002) (quoting *Noel v. Pizza Hut, Inc.*, 15 Kan. App. 2d 225, 231, 805 P.2d 1244 [1991]).

Turning to the merits of this appeal, the issue before this court is whether the statute of repose bars Grey's lawsuit. K.S.A. 60-513 provides two different types of time limitations for tort claims. The statute states in part:

"(a) The following actions shall be brought within two years:

. . . .

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

. . . .

"(b) Except as provided in subsections (c) and (d), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action."

One time limitation for a tort claim is known as the statute of limitations. A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time expires. Usually, the cause of action "shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury." K.S.A. 60-513(b). If a lawsuit is not filed within a certain amount of time after the cause of action has accrued, it is barred by the statute of limitations.

The second time limitation is referred to as the statute of repose, which is created by the last sentence in K.S.A. 60-513(b), "but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." A statute of repose limits the time during which a lawsuit can be filed and usually runs from the last act of the defendant that gives rise to the cause of action. The statute of repose abolishes the cause of action after the passage of time, even though the cause of action may not have yet accrued. *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 268, 875 P.2d 949 (1994).

In applying the statute of repose, courts must determine when the last act of the defendant that gives rise to the cause of action occurred. See *Bonnette v. Triple D Auto Parts, Inc.*, 55 Kan. App. 2d 130, 134-37, 409 P.3d 865 (2017). The City contends that

6

the date for running the statute of repose in this case is December 5, 1997, when the remodeling of the bridge was completed. Conversely, Grey argues that the City owed her a duty to warn about the latent dangerous condition of the bridge and a duty to maintain the streets and sidewalks in a reasonably safe condition. Grey asserts that the City last breached its continuing duty to warn on June 30, 2014, the date of her injury, and thus the statute of repose does not bar her claim. We will examine Kansas caselaw to help us determine the correct date for the running of the statute of repose based on Grey's claims.

The first relevant case is *Klose v. Wood Valley Racquet Club, Inc.*, 267 Kan. 164, 975 P.2d 1218 (1999). In *Klose*, a tennis player was injured when he ran into a concrete wall located near a tennis court. Wood Valley built the tennis court in 1974, and the wall had been located in the same position undisturbed for 20 years prior to the injury. The plaintiff brought a negligence claim against Wood Valley and alleged that Wood Valley "'placed court number one at a distance from the perimeter wall that was less than that "approved" by [the United States Tennis Association] and [the Missouri Valley Tennis Association] for sanctioned junior tennis tournaments.'" 267 Kan. at 165.

The district court granted Wood Valley's motion for summary judgment, concluding the statute of repose "precluded any cause of action based on proximity of the court and the wall" due to the court being unchanged in over 20 years. 267 Kan. at 167-68. Without engaging in any significant analysis, our Supreme Court affirmed the district court, holding that the district court did not err in permitting Wood Valley to amend its answer to assert the statute of repose as an affirmative defense. 267 Kan. at 173. Significantly, the court did not address whether Wood Valley owed a separate duty to warn the plaintiff of the hazardous condition, nor did it address whether such a claim would have been barred by the statute of repose.

Although *Klose* provides support for the City's position herein, the result is different in cases in which the last act of the defendant that gives rise to the cause of

7

action is based on a continuing duty to warn or protect the injured party from a dangerous condition. This situation is illustrated in *Dunn v. U.S.D. No. 367*, 30 Kan. App. 2d 215, 40 P.3d 315, *rev. denied* 274 Kan. 1111 (2002). In that case, two high school students were in their school and attempted to open a hallway door. When they pressed to open the door, the glass gave way, and the students ran their hands through what was discovered to be a window made of plate glass, not safety glass. The defendant school district built the school and installed the plate glass in the late 1960's, and the hallway door remained unchanged since that time. The students were injured in 1995.

The students filed suit under the Kansas Tort Claims Act, K.S.A. 75-6101 et seq., claiming, among other things, that the school district failed to warn them of the danger the plate glass posed. The district court denied the school district's summary judgment motion which was based, in part, on the statute of repose. The students' consolidated cases were tried to a jury on claims that included the failure to warn of the dangers associated with the plate glass in the door. The jury found the school district to be 90 percent at fault.

On appeal, the court determined that *Klose* applied only to claims based on premises liability for construction or design defects. 30 Kan. App. 2d at 220. As to the students' claims against the school district for failure to warn and failure to maintain the premises, the court found that the school district owed a duty "'to properly supervise students and to take reasonable steps to protect students' safety.'" 30 Kan. App. 2d at 231. The court noted the installation of the doors was not the final act giving rise to the claims. Instead, the school district's breach of its duty to make the school safe for students was the last act for which the school district could be liable. The *Dunn* court upheld the district court's rejection of the statute of repose defense, concluding that the "district court did not err in any of its rulings regarding the statute of repose." 30 Kan. App. 2d at 221.

Another relevant case is *O'Neill v. Dunham*, 41 Kan. App. 2d 540, 203 P.3d 68 (2009). In that case, the plaintiff fell down some stairs at an apartment complex that did not have a handrail. The stairs had been in that condition for over 10 years prior to the injury. The district court granted summary judgment against the plaintiff based on the statute of repose. On appeal, this court held that the plaintiff's negligence claim against the owner of the apartment complex based on the construction and design of the stairwell was barred by the statute of repose. 41 Kan. App. 2d at 546. However, this court determined that the Kansas Residential Landlord Tenant Act (KRLTA) "establishes a duty for every residential landlord to comply with the requirements of applicable building codes materially affecting safety." 41 Kan. App. 2d at 541. This court remanded the case for factual findings regarding liability under the KRLTA and concluded that any valid claim the plaintiff could establish under the Act would not be barred by the statute of repose. 41 Kan. App. 2d at 541, 548-52.

This court most recently addressed the subject of the statute of repose in *Bonnette*, so we will discuss that case in detail. Bonnette's personal injury claim arose from an accident that occurred while she was patronizing Triple D's auto parts store in November 2013. The building had a single entrance and exit for customers with a four-inch step. The step was the same color as the adjacent sidewalk, and it was not marked with any type of warning. While exiting the store, Bonnette missed the step and fell onto the sidewalk, fracturing her left wrist in three places. Bonnette had patronized the store on a regular basis for over 16 years, and she never had problems with the step before the day of her injury. Triple D had purchased the store in 1990, and the entrance to the store had been in the same condition since the building was built in 1925.

Bonnette filed a personal injury action against Triple D, alleging that the store was negligent in creating and maintaining a dangerous condition and in failing to provide adequate warning of the dangerous condition. Triple D moved for summary judgment, arguing that Bonnette's claim was barred by the statute of repose and, alternatively, that it

9

had no duty to warn Bonnette of the dangerous condition which was open and obvious. The district court granted Triple D's motion for summary judgment, reasoning that Bonnette was injured over 20 years after Triple D had completed the last act for which it could be liable, so the statute of repose barred any claims. On a motion for reconsideration, Bonnette argued that her failure to warn claim was not barred by the statute of repose, but the district court reaffirmed its decision.

On appeal, this court carefully analyzed the decisions in *Klose* and *Dunn*. 55 Kan. App. 2d at 134-37. This court noted that appellate courts from other jurisdictions have followed *Dunn*'s path in finding that the statute of repose does not operate to bar claims based on failure to warn and failure to maintain premises in a safe condition, if the alleged failure occurred within 10 years of the accident and gave rise to the cause of action. 55 Kan. App. 2d at 136. The *Bonnette* court came to the same conclusion as the *Dunn* court and stated:

> "Causes of action related to the breach of an ongoing duty, such as failure to warn of a nonopen and nonobvious dangerous condition, are abolished by the statute of repose only if 10 years have passed since the defendant last breached the ongoing duty.
>    "The uncontroverted facts show that Triple D failed to take any action to warn Bonnette of the dangerous step. Because the duty to warn is an ongoing duty, the last day Triple D could have breached the duty was the day Bonnette was injured. Therefore, Bonnette's claim for failure to warn is not barred by the statute of repose, and Triple D was not entitled to summary judgment on that basis." 55 Kan. App. 2d at 137.

However, the *Bonnette* court went on to find that a landowner generally has no duty to warn of or to make safe any dangerous conditions that are known or obvious to a visitor. 55 Kan. App. 2d at 137-38. Noting that Bonnette had patronized Triple D for over 16 years without having any trouble with the step, the court concluded that Triple D was entitled to summary judgment because the record established that the condition that caused Bonnette's injury was open and obvious:

"Here, the facts show Bonnette had knowledge of the dangerous condition. She had been through the store entrance and used the step approximately 160 times before this incident and had safely navigated the step only 10 minutes before the accident. After using the step approximately 160 times, a reasonable person would recognize the danger associated with the small and awkward step leading to the sidewalk. [Citation omitted.] Despite knowing of the condition, Bonnette voluntarily encountered the condition by continuing to patronize the establishment. Therefore, the condition was open and obvious under these facts." 55 Kan. App. 2d at 139.

Returning to our case, Grey's petition alleged a claim against the City for negligently installing the bridge and allowing the unsafe condition of the center gap to remain. Specifically, Grey claimed that the City had a duty to maintain its streets in a reasonably safe condition and a duty to warn the public of the dangerous condition of the bridge and that the City's breach of these duties caused her injury. The district court granted the City's motion to dismiss based on the pleadings. The district court determined that the completion of the reconstruction of the bridge on December 5, 1997, was the act that gave rise to the cause of action and because Grey did not bring her action within 10 years of that date, her claim was barred by the statute of repose.

Grey filed a motion to reconsider and argued that her claim that the City breached its continuing duty to warn the public of the unsafe condition created by the bridge was not barred by the statute of repose. The district court rejected this argument and ruled that although the statute of repose may be subject to specific statutory exceptions declared by the Legislature, courts cannot "override" the statute of repose based on common-law doctrines such as the duty to maintain streets in a safe condition or the duty to warn of dangerous conditions. The district court observed that the Legislature knows how to create exceptions to the statute of repose, and it ruled that when a deadline for filing a civil action specifically lists an exception to the statute's operation, other exceptions will be barred by implication. The district court cited *Christensen v. Garden City Cooperative Equity Exchange*, 192 Kan. 785, 788, 391 P.2d 81 (1964), as the only authority to support

11

its ruling. On appeal, the City argues that an alleged common-law duty to warn does not preclude the application of the statute of repose, but the City provides no specific legal authority to support its argument other than citing cases that stand for the general proposition that when a statute conflicts with the common law, the statute controls.

*Christensen* does not address the statute of repose. Instead, the issue in that case was when the statute of limitations commences to run against the owner of stolen grain who seeks recovery against an innocent purchaser. See 192 Kan. at 785. We have carefully reviewed the decision and conclude that it does not support the district court's ruling as to the relationship between common-law claims and the application of the statute of repose. More importantly, the courts in *Dunn* and *Bonnette* did not categorize a claim based on the duty to warn of a dangerous condition as an "exception" to the statute of repose. Instead, these decisions stand for the proposition that a landowner has an ongoing duty to warn of nonopen and nonobvious dangerous conditions on the premises and that a plaintiff's claim based on the breach of this duty is not barred by the statute of repose even though the dangerous condition may have been in existence for over 10 years.

This brings us to the resolution of the case at hand. We agree with the district court that Grey's claim against the City for negligently installing the bridge is barred by the statute of repose at K.S.A. 60-513(b). The pleadings establish that the redesign of the bridge was completed on December 5, 1997, and Grey did not bring her action within 10 years of that date. Although the City added a connection to the bridge, described as a flyway, in 2006, Grey's petition does not cite to any facts that connect the construction of the flyway with any negligence by the City that may have caused Grey's injury. Based on our Supreme Court's decision in *Klose*, any claim for Grey's injury based only on the defective design or construction of the bridge is barred by the statute of repose.

12

Grey's claim that the City breached its continuing duty to warn her of the alleged unsafe condition created by the bridge is a different matter. Based on the reasoning in *Dunn*, *O'Neill*, and *Bonnette*, we agree with Grey that the City has a duty to maintain its streets in a reasonably safe condition and a duty to warn the public of any nonopen and nonobvious dangerous conditions. As to Grey's claim based on a failure to warn or a failure to maintain, the last day the City could have breached its duty was the day Grey was injured. Thus, Grey's claim against the City for failure to warn or failure to maintain, assuming that such a claim can be established, is not barred by the statute of repose.

The most significant difference between *Bonnette* and Grey's appeal herein is the posture in which the case was decided in district court, i.e., summary judgment versus motion to dismiss based on the pleadings. In *Bonnette*, after this court found that the plaintiff's claim for failure to warn was not barred by the statute of repose, this court went on to find that the duty to warn did not apply in that case because—based on the summary judgment record—the condition of the premises was open and obvious to the plaintiff. 55 Kan. App. 2d at 139-40. In making this determination, the *Bonnette* court relied on the factual record that the plaintiff had regularly patronized the store in question for over 16 years, and she had safely navigated the four-inch step approximately 160 times before the accident.

In Grey's case, which is an appeal from a dismissal based on the pleadings, there is no factual record for either the district court or this court to find that any alleged dangerous condition caused by the Kansas Avenue Bridge was open and obvious to Grey. Grey's petition alleges that signs stating "'NO FOOT TRAFFIC ACCESS'" were affixed to the north and south ends of the bridge where the center sidewalk used to be located. But whether these signs were adequate to warn of the alleged danger is a question of fact which cannot be resolved by a court based only on the pleadings.

When reviewing a motion to dismiss based on the pleadings, an appellate court considers the well-pleaded facts in a light most favorable to the plaintiff and assumes as true those facts and any inferences reasonably drawn from them. *Cohen*, 296 Kan. at 546. There has been no discovery conducted in Grey's case. Upon completion of discovery, perhaps the City can set forth uncontroverted facts to establish that any alleged dangerous condition caused by the Kansas Avenue Bridge is open and obvious to the public. The City also may be able to establish with a proper record that the signs on the bridge are adequate to warn a reasonable member of the public of any potential danger. Perhaps the City can establish with a proper record that no reasonable person in Grey's position would have attempted to climb over the barriers that guard against the open gap in the middle of the bridge. But these determinations cannot be made by a court based only on the pleadings. Therefore, based on the procedural posture in which this appeal comes to us, we must conclude that the district court erred in part by granting the City's motion to dismiss based on the pleadings, and we remand for further proceedings to address the issues raised by the parties.

Affirmed in part, reversed in part, and remanded with directions.